Johnson, J.
 

 The recovery has been had, in this case, upon the ground of work, labor and services, performed at the request of the intestate, whom the defendant represents, by the plaintiff and by his wife. The referees have found that no time was fixed for the termination of the employment nor for the payment therefor, and that the services in question were rendered under a general employment and retainer, and that they were continued without interruption from their commencement to their termination, a period of over thirteen years. Under these circumstances, the question is presented, whether the referees have correctly decided that, as matter of law, the statute of limitations did not begin to run until the termination of the service.
 

 The referees have not found that these services were performed upon a contract that they should be paid for after Moore’s death, in case he did not provide by will for the compensation of the parties who rendered them, but they are placed upon the mere ground of services to be paid for ‘ at their value, without any express agreement as to the time or measure of compensation or the term of employment. The law will not, I think, intend, in respect to- a permanent and continuous employment, an agreement, as to compensation, so unusual in its character, and so little conducive to the interests of either party to it, as that the
 
 *249
 
 payment of any compensation shall be postponed until the termination of the employment. The case strongly resembles those of the hiring of clerks, servants in husbandly, and other similar employments, in which, to avoid the inconvenience above alluded to, and to give each party the benefit of all the seasons during the year, an indefinite hiring is taken to be a hiring for a year, or from year to year, the compensation payable at the same tune.
 
 (Rex
 
 v.
 
 Macclesfield,
 
 3
 
 Term R., 76; Baxter
 
 v.
 
 Nurse,
 
 1
 
 Car. & Kir.,
 
 10.) This rule is at least as favorable to the claim of these parties as the facts call for, and the referees, therefore, erred in their decision upon the point in question. It may be that even monthly payments would be more in accordance with the usual terms of such employments.
 

 Shankland, J., dissented; all the other judges concurring,
 

 Judgment reversed and new trial ordered