NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE,—MAY, 1876.

## NICHOLL *v.* LARKIN.

*In the matter of the Estate of* THOMAS LARKIN, *deceased.*

Against a claim to compensation for personal services, rendered to the decedent during a number of years before his death, the statute of limitations will be deemed to have commenced to run from the completion of yearly or other periods of service, unless there is sufficient evidence of the decedent's agreement to make provision for the claimant's compensation by a disposition of his property at death[*]

Evidence that the decedent in speaking of compensating the claimant, said merely to a third person that he "would not forget the claimant

---

[*]See *Moore* v. *Moore*, (3 *Abb. Ct. App., Dec.,* 303,) *Robinson* v. *Raynor*, (28 *N. Y.*, 494 ; *rev'g* 36 *Barb.*, 128.)

in case any thing happened to him,—in case of his death" —is not sufficient to support a finding of a referee, that the decedent agreed with the claimant to make compensation at his death.

Upon such evidence, with other evidence going only to show a general hiring by the year, the law implies an agreement to pay yearly, and the cause of action is deemed to have accrued at the expiration of each year.

THIS was a claim for payment of the creditor Nicholl, for services rendered to the deceased, Thomas Larkin, who died in September, 1874.

The account or claim presented bore date July 1st, 1875, and was for services by the year, alleged to have been rendered, by the claimant for the intestate, during the years 1859 to 1868. The report of the referee or auditor to whom the matter was referred found that the services were rendered at the request of the intestate, and were worth the sum of one hundred dollars per year.

One witness, O'Connor, testified as follows:

*Qy.* "Did he (meaning the intestate) say anything to you about compensating Mr. Nicholl" (the Claimant)?

*Ans.* He said to me at one time, that he would not forget Mr. Nicholl "in case anything happened to him— in case of his death."

J. B. AITKEN, *for claimant.*

L. H. ARNOLD, Jr., *for public administrator.*

THE SURROGATE.—I have examined the report of the. referee and auditor in this matter, and the testimony taken before him; and while it is with great reluctance that I dissent from the conclusions reached by a referee, of so large an experience in proceedings of this character, yet it becomes my obvious duty, as I understand the law of this case, to send the matter back for reconsideration, and such additional testimony as the parties may desire to give.

The testimony of O'Connor (above stated), is the

only testimony that tends to show an intention on the part of the intestate to make any provision for the claimant's compensation, by a disposition of his property, and this does not appear to have been said in the presence of the claimant, nor can it, in my opinion, be regarded as an agreement to do so, but the mere expression of his intention to a third person.

Most of the other witnesses testify to having heard the intestate say at different times that he intended to compensate Mr. Nicholl for his services, while others testify that they heard him say to the claimant, that he would compensate him.

While the testimony is quite indefinite and unsatisfactory as to the extent of the services rendered, yet upon the question of fact I should be disinclined to interfere with the report.

If any hiring, and agreement to pay, can be implied from the facts proved in this case, it must be implied to have been a hiring from year to year, and the cause of action for the claim accrued at the expiration of each year.

I am aware that it has been held that where there is an agreement to compensate a person for services by will, or at the death of the employer, the Statute of Limitations does not begin to run until after the death (*Quackenbush* v. *Ehle*, 5 *Barb.*, 469), but I think that taking the evidence together in this matter, no such agreement can be found.

In *Davis* v. *Gorton* ( 16 *N. Y.*, 255 ), Mr. Justice JOHNSON says : " the Referees have not found that these services were performed upon contract that they should be paid for after Moore's death, in case he did not provide by will for compensation of the parties who rendered them, but they are placed on the ground of services to be paid for, at their value, without any express agreement as to the time or measure of compensation, or term

of employment. * * * Indefinite hiring is taken to be a hiring from year to year, payable at some time."

In that case, it was held that the Statute of Limitations began to run as to each year's services at the end of the year.

In this case, it appears by the evidence, the claim, and the report, that the last services were rendered the 31st day of December, 1868, and that most of the services, for which compensation has been allowed by the referee, were performed more than six years before the intestate's death, and it also appears that the intestate died in September, 1874, at which time the claim for all services except for the last year, was barred by the Statute of Limitations.

The motion to confirm the report of the referee, and auditor, must be denied, and the matter referred back to the referee and auditor for reconsideration, with leave to take such additional testimony, on behalf of the respective parties as shall be offered.

Order accordingly.