ANNIE C. WILSEY, RESPONDENT, *v.* FREDERICK W. FRANKLIN, JR., AND OTHERS, AS EXECUTORS, ETC., APPELLANTS.

*Recovery for household services rendered by a daughter to her mother.*

Where a daughter has, for many years after becoming of age, ceased to be a member of her mother's family, and goes back to live with her mother, at her mother's solicitation, to do the work of nurse, housekeeper and servant, the law will infer a promise to pay for her services, the value of which is recoverable under such circumstances.

APPEAL by the defendants, upon questions of law and upon the facts, from a final judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on April 19, 1888, confirming the report of a referee, in favor of the plaintiff, for the sum of $705.39, with interest, together with disbursements.

*Henderson Benedict,* for the appellants.

*H. C. M. Ingraham,* for the respondent.

BARNARD, P. J.:

The claimant is a daughter of deceased, and her claim is for personal services rendered to her mother. The question is, whether the parties lived together and the services were rendered by one

member of the family to another, or whether the services were to be paid for.

Deceased was a widow, over eighty years of age, and quite help-less. The claimant had left her father's family upon her marriage in 1872. Her husband died in 1879, and after his death she lived in different places; and in March, 1881, she was living in Boston. Upon the death of the husband of deceased she was left alone, and she requested her son, Stephen Mixon, to request her daughter, the claimant, to come on from Boston and take care of her. Upon this request she came on from Boston and took care of her mother for fifty weeks, when she left the family of deceased and never after-wards lived with her mother.

The referee, under the evidence, was justified in finding that the services were to be paid for. The mother was helpless and, from her age, would probably continue to be so. Her husband was dead and she was left alone. She was exacting and hard to please; " it was a thankless task to serve her," says one of her children. She had quarreled with the claimant upon her marriage, and this estrangement had continued until after her husband's death. Under this state of facts she directs her son to write to the plaintiff and convey to her the request of her mother that she should come on and aid in the housekeeping.

The case is not one where a child continues with her mother after becoming of age. The claimant had for years ceased to be a mem-ber of the family, and she only went back to live, upon her mother's solicitation, and then to do the work of nurse, housekeeper and ser-vant. The plaintiff went upon the understanding of the mother, "that she should come there with her and stay for a while." The employment was fully proven, and the usual inference of a promise to pay should apply to it.

Neither party could have expected such services as were rendered by the claimant to her mother would be gratuitously rendered. Assuming a right of recovery, the amount of the claim is not complained of.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.