JAMES PORTER, Respondent, *v.* THOMAS J. DUNN, as Surviving Executor of PATRICK H. KENNEDY, Deceased, Appellant.

*Husband and wife — husband entitled to services of the wife — wife not a party in interest under Code, section 829 — a claim restricted to a sum fixed by will for the services.*

A husband agreed to take care of a consumptive, who in return promised to compensate him for his services by making provision therefor in his will. The wife, with her husband's assent, rendered services to the consumptive, from time to time, as a nurse. Upon the hearing of a claim arising out of this transaction the wife testified as to the terms of the contract.

*Held,* that the husband was the sole owner of the cause of action.

That as the services were rendered by the wife, in subordination to and with the authority of the husband, her evidence as to the contract not being that of a party in interest was competent under section 829 of the Code of Civil Procedure.

It appeared that a fixed sum to be bequeathed for said services by the invalid had been agreed upon by the parties. The invalid failed to give such legacy by his will.

*Held,* that it was error to allow a recovery, beyond the sum agreed upon, based upon what the services were reasonably worth.

Appeal by the defendant Thomas J. Dunn, as surviving executor of Patrick H. Kennedy, from an order dated March 12, 1891, and entered in the office of the clerk of the city and county of New York, confirming the report of a referee in favor of the plaintiff; also from a judgment, entered in said office March 12, 1891, in proceeding taken under the statute relating to the reference of claims against a decedent's estate.

*W. W. Westervelt,* for the appellant.

*Eugene S. Ives,* for the respondent.

Daniels, J. :

The plaintiff made a claim against the estate of the testator for services performed by his wife, between the 20th of December, 1877, and the 5th of November, 1888, in caring for and attending to him as a consumptive invalid, and for expenses paid on his account, and also for cream furnished to him, between the 4th of July, 1886, to the same time in 1888. By the consent of the parties and the approval of the surrogate, the case was referred to a referee for trial and determination, and he reported in favor of the claimant for the sum of $7,599.52, with interest. By his report he allowed for the services rendered to the executor in this manner the sum of $8,404.28, which was reduced by $500 paid by the executor and a legacy of $500 more given by the will of the testator. The wife of the claimant was the principal witness upon the trial, and she testified that her husband was the lessee of the premises known as 959 Third avenue, and that the testator lived at that house. Her testimony was, that in 1877 he rented a room of them and that he continued to occupy this room until his decease in 1888,

taking his meals at, or provided from, the restaurant kept in the same building by her husband.

When it was proposed to prove the contract or arrangement made for the performance of these services by the wife of the claimant, it was objected that she was incompetent under section 829 of the Code of Civil Procedure. But it appeared from her testimony that in what she did for him she was acting in subordination to, and with the authority and approval of, her husband. The testator was living in the building, and from his bodily illness required the services and attentions of a nurse, and, at his request, they were given to him by the wife of the claimant, and with his assent. And the testator continued to live in the building in this manner during the entire interval through which the services were rendered, and these attentions were given to him. It was not the understanding of the wife that she was acting for herself in any respect, but that she was aiding and assisting her husband in his business. And when expenditures were required to be made for the testator, she obtained the money expended from her husband. And she made no personal claim against the testator or against the estate on her own account, but that was made by her husband, the claimant. From this evidence, it is quite clear that she was acting, not for herself, but in the service of, and subordinate to, her husband, and, within what was held in *Reynolds* v. *Robinson* (64 N. Y., 589), the claim for compensation accrued to him, and not to her. That case was very much, in its leading circumstances, similar to the present controversy, and the court held that the husband, and not the wife, was the person entitled to recover for the services rendered. And, in substance, the same thing was also held in *Birkbeck* v. *Ackroyd* (74 N. Y., 356). The case, in its leading features, was quite different from that of *Brooks* v. *Schwerin* (54 N. Y., 343), as was also the first case which has been here referred to, in which the judge writing the opinion clearly distinguished the one from the other, and maintained the legal principle sanctioning the right of the claimant in this case to recover for these services.

In the disposition of the case by the referee and the confirmation of his report by the court at the Special Term, the claimant was allowed to recover for what the services were stated to be reasonably worth. But from the evidence of his wife it appears that

these services were rendered under an agreement on the part of the testator that for them he would provide the wife a legacy of $5,000 in his will. This he failed to do, giving her a legacy only of $500 which, when it was received, was paid over with the other $500 to the husband as the person entitled to the money. There was no dissent from the proposal of the testator that he would compensate the rendition of the services by this sum of $5,000 to be bequeathed by his will. The services were rendered and the attentions were bestowed upon him by the claimant's wife, with the understanding that they should be compensated in this manner. And the omission of the testator to make that provision in the will, and thereby perform the obligation of his contract, was not attended with any increase of liability on his part or on the part of his estate. For the sum of $5,000 was all that was to be paid for the services and attention which it was understood would be required by him. And they were rendered upon the understanding that this sum should form a complete remuneration on the part of the testator. And under this state of the facts the claimant was not at liberty to recover for the value of the services themselves, but should have been restricted to this sum of $5,000, which the testator agreed to provide by his will, but in the end failed to do.

It has been objected that the allowance of $146 for cream furnished to the testator should not have been allowed by the referee, or by the court at the hearing when the exceptions to the report were overruled. But it appears from the testimony of the wife that cream was required by the testator, and was furnished to him for such a period of time as in all probability would amount to this sum of $146. The other items allowed by the referee were for moneys necessarily expended on account of the testator. And the report and judgment accordingly appear to be correct except in the amount allowed for the services and attention performed and bestowed for him during this period of his illness. For those services the amount exceeded that which should have been allowed by the sum of $3,404 28. And the judgment should be reversed and a new trial ordered before another referee, with costs to the appellant to abide the result, unless the claimant within twenty days after notice of this decision shall deduct this amount, with the

interest upon it, from the 5th of November, 1888, from the judgment. If that stipulation shall be given, then the judgment will be modified by making that deduction, and as modified affirmed, without costs of the appeal to either party.

Van Brunt, P. J., concurred.

Judgment modified as directed in opinion, and as modified affirmed, without costs of the appeal to either party.