ALLIE LASHAW, Respondent, *v.* FREDERICK E. CROISSANT, as Executor, etc., of JEANNETTE MARCEAU, Deceased, Appellant.

*Husband and wife — a wife's claim for services rendered to a third person with the consent of her husband that she retain the consideration thereof — the husband may testify in her favor against the estate of the deceased third person.*

Where a wife renders services and furnishes meals to a stranger under an agreement made between herself and her husband that in case she renders such services and furnishes such meals she alone shall receive the recompense therefor, and that it shall become her separate property, the common-law rights of the husband to his wife's services are abrogated, and she may enforce the claim in her own name and right.

In such case she does not derive her right by assignment from her husband, and the husband is not prohibited by the provisions of section 829 of the Code of Civil Procedure from testifying in behalf of his wife against the estate of the deceased person to whom the services were rendered.

APPEAL by the defendant, Frederick E. Croissant, as executor of the last will and testament of Jeannette Marceau, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Jefferson county on the 28th day of September, 1894, upon the report of a referee.

The claim was presented to the executor and rejected, and by stipulation and approval of the surrogate it was referred to a referee, who heard the evidence and reported in favor of the claimant.

*Henry Purcell,* for the appellant.

*Peter J. Quinn,* for the respondent.

HARDIN, P. J. :

On the 11th day of May, 1891, Jeannette Marceau made and published her last will and testament, appointing the defendant her executor. The will was admitted to probate after her death, which occurred on the 31st day of January, 1892. Plaintiff's claim was verified December 9, 1892, and presented to the executor and by him rejected, and on the 19th of December, 1893, the parties entered into a stipulation that the claim be referred, and on the twenty-second of December the surrogate of Jefferson county, upon the stipulation, approved the reference therein agreed to, and on the twenty-second of December an order was entered in the clerk's office of Jefferson county appointing the referee to hear, try and determine. Plaintiff's claim was for meals furnished during November, 1890, and at successive dates down to and including January 18, 1892, and for thirteen days' attendance upon the testatrix from January 19 to January 31, 1892. In October, 1890, the plaintiff was the wife of Peter Lashaw, and was residing with her husband about sixty rods from the residence of the testatrix, who was upwards of eighty years of age and somewhat impaired in health. According to the testimony an arrangement was entered into between the plaintiff and her husband that she might have whatever compensation she received for her services and any supplies which she might render to or furnish to the testatrix. The husband in effect agreed with the wife that he did not want anything for the services which she rendered to the testatrix, or for the meals or supplies furnished to her, and in respect to them he emancipated his wife from all claim or interest by reason of any services to be rendered or supplies to be furnished. Upon ample evidence to sustain his finding the referee found : " That Peter Lashaw, the husband of said plaintiff, at or about the time of the making of said contract, consented that his wife, the plaintiff, might furnish, prepare, cook and deliver to the said Jeannette Marceau said meals, and whatever she could get on account of the same would be her property, and whatever arrangement she made with reference thereto would be her own." A similar find-

ing was made in respect to the services she should render for the testatrix. The referee also found : " That the plaintiff, pursuant to such request and contract, stayed with and took care of the said Jeannette Marceau from that time until her death, January 31st, 1892, thirteen days ; " " that the value of her services for said thirteen days was thirteen dollars." He also found that the plaintiff delivered to the testatrix, at her house, 720 meals, and that the value of the same " was seventeen cents each, amounting to $122.40." The findings of fact, which have been quoted above, are challenged as being against the weight of evidence. After a careful perusal of the evidence, and weighing all the circumstances relating to the matters stated by the referee, and giving due weight to the contradictory evidence, we are of the opinion that the conclusions of the referee upon the evidence should be sustained. While the defendant produced some contradictory evidence and some facts and circumstances tending to challenge the evidence of the plaintiff, we are of the opinion that the referee properly judged as to the weight of the evidence, and that his conclusions should be sustained upon a view of the whole evidence found in the appeal book.

While we recognize the force of the rule laid down in *Smith* v. *Ætna Life Ins. Co.* (49 N. Y. 211), we are of the opinion that the findings of the referee in the case in hand are not " against the clear weight of the evidence."

In *Roe* v. *Roe* (14 Hun, 613) it was said : " Upon a review of a trial by the court or a referee the findings are not conclusive, but the whole evidence is open to examination by the appellate court. The appellant is at liberty to show that the findings are wholly unsupported by the evidence, or that they are against the weight of evidence, or that they are erroneous in any other respect." While the review of the facts by an appellate tribunal is proper, it is under no obligation to arbitrarily adopt the conclusions of the trial court ; yet great consideration will be accorded to its opinion, especially where there is evidence on both sides, and the mind of the court has been called upon to weigh conflicting statements and inferences, and to decide upon the credibility of opposing witnesses. In reviewing the determination of a trial court in such a case, the appellate court is not warranted in reversing upon the sole ground that in its opinion the trial court should have reached a different conclusion.

To justify such a course it should appear that the findings of the trial court were against the weight of evidence, or the proof so clearly preponderated in favor of a contrary result that it can be said with reasonable certainty that. the trial court erred in its conclusion. ( *Westerlo* v. *De Witt*, 36 N. Y. 340 ; *Crane* v. *Baudouine*, 55 id. 256 ; *Sherwood* v. *Hauser*, 94 id. 626 ; *Baird* v. *The Mayor*, etc., *of New York*, 96 id. 567; *Lowery* v. *Erskine*, 113 id. 52; *Devlin* v. *The Greenwich Savings Bank*, 125 id. 756 ; *Barnard* v. *Gantz*, 140 id. 249.)

A full consideration of the evidence does not lead us to the conclusion that the referee committed an error in his conclusions upon the whole body of the evidence before him.

(2) Undoubtedly, in the absence of any agreement, the meals delivered and services rendered would give rise to a cause of action in favor of the husband, although the meals were delivered and the services rendered by the wife, upon the theory that all her services and earnings belong to her husband, and that he can maintain an action to recover therefor. (*Reynolds* v. *Robinson*, 64 N. Y. 589.) Where the husband and a wife are living together he may appropriate the fruits of her labor, and in the absence of circumstances showing her intention to avail herself of the privileges conferred by the statute concerning the rights and liberties of married women, his common-law right is unaffected. (*Birkbeck* v. *Ackroyd*, 74 N. Y. 356.)

In *Blaechinska* v. *H. Mission & Home* (130 N. Y. 503), in pointing out the relations of husband and wife and her rights and privileges, VANN, J., stated : " When she worked for a stranger it was on her sole and separate account, and the Enabling Act protected her contract. When she worked for her husband it was on his account, and the statute did not apply."

The case of *Coleman* v. *Burr* (93 N. Y. 17) was one where the services were rendered in administering a duty which the husband owed to an inmate of his family, and was not a case where she made a claim for services furnished to a third person, and is, therefore, unlike the case in hand.

We think the facts of this case, as well as the finding of the referee, are to the effect that before. the materials used in the meals

were supplied, and before the services were rendered, the wife had become the absolute owner thereof, and the case, therefore, differs from *Stamp* v. *Franklin* (144 N. Y. 607), as in that case it was said: "But, moreover, we think there was not sufficient evidence to have justified the jury, if the question had been submitted to them, in finding the claim belonged to the wife and not to the husband. * * * The most, we think, which the evidence tends to establish is that the husband authorized payment therefor to be made to the wife. This did not vest in her the legal title to the claim, assuming that under the statute of 1860 an agreement by the husband that the title to the board money should vest in her would be valid." In the case in hand the evidence warrants the conclusion that, before any of the meals were delivered or any of the services rendered, there was a complete and valid understanding between the plaintiff and her husband that all the services which she would render, as well as all the materials which she should supply to the testatrix, should be for and upon her separate account, and, in effect, that she should become the owner of any and every indebtedness which should accrue against the testatrix. Under such circumstances we think that the plaintiff was the owner of the claim presented against the estate of the testatrix, and that the referee committed no error in awarding a recovery in favor of the plaintiff. The husband was called as a witness and substantiated the agreement alleged to have been entered into between himself and his wife, and the course of the trial was such that he was bound by the agreement, and when the testatrix' estate pays for the meals and services rendered, to the plaintiff, liquidating the judgment in this case, there can be no claim asserted by the husband therefor. The plaintiff's right of recovery does not rest upon an assignment of the claim or cause of action after it accrued; and, we think, therefore, that the plaintiff is not in the situation of an assignee of the claim, and that the husband was not an incompetent witness under section 829 of the Code.

We think the observation of HAIGHT, J., in *Burley* v. *Barnhard* (9 N. Y. St. Repr. 591) is applicable to the case before us; he there said: "The claim of the plaintiff was not derived through her husband. It is for services which she performed for the deceased, on her sole and separate account, which she had the right to do under

the statute, and consequently Edwin Burley was not an interested party, and prohibited from testifying under section 829 of the Code of Civil Procedure." That case was approved in *Sands* v. *Sparling* (82 Hun, 403), and in the course of the opinion delivered by PUT-NAM, J., upon the question of the competency of the husband to testify under circumstances quite similar to those disclosed in the case in hand, he observed : " But the witness was not the assignor of the claim against deceased under which the action was brought. He never had any legal interest in such claim. Under the evidence in the case the plaintiff was the only person who ever had any demand against the deceased ; hence, the provisions of section 829 of the Code of Civil Procedure did not apply. (*Burley* v. *Barnhard,* 9 N. Y. St. Repr. 587 ; *Porter* v. *Dunn, Executor,* 43 id. 193.) "

Some exceptions were taken to rulings made by the referee which have received attention, and we are of the opinion that none of them require us to interfere with the result reached by the referee.

MARTIN and MERWIN, JJ., concurred.

Judgment affirmed, with costs.