## BRIGGS v. DEVOE.

(Supreme Court, Appellate Division, Third Department. December 1, 1903.)

1. HUSBAND AND WIFE—WIFE'S RIGHT TO CONTRACT.
   Where a married couple take boarders into their home, and the wife takes charge of the house, the profits derived from such business belong to the husband, notwithstanding the statutes relative to married women and their separate estates.

2. SAME—WIFE'S EARNINGS—CONTRACT OF HUSBAND.
   Where a married couple take a boarder into their home under an agreement between the wife and her husband that she alone shall receive the compensation therefor, the common-law rights of the husband are abrogated, and the wife may recover for the board in her own name.

3. SAME—ACTION—EVIDENCE.
   In an action by a wife to recover for such board, statements of the husband relative to an agreement between him and his wife, whereby she should alone receive the compensation, were admissible.

Appeal from Judgment on Report of Referee.

Action by Naomi Briggs against Daniel I. Devoe, as executor of Nancy Smith. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

D. C. Shultz (Henry V. Borst, of counsel), for appellant.
N. J. Herrick, for respondent.

CHASE, J. This action is brought by a married woman for the rent of a room occupied by the defendant's testatrix in her lifetime, and for board, care, and attention given to the said testatrix while she so occupied said room. The principal contention in this court is as to whether the alleged cause of action is the property of the plaintiff or of her husband. The plaintiff was married in 1884. The testatrix was a maiden, possessed of some property, and an aunt of

¶ 1. See Husband and Wife, vol. 26, Cent. Dig. § 461.

the plaintiff. The year following the plaintiff's marriage her husband obtained from his father the title to a small piece of land near his father's home, and on such land a house was built costing about $1,200. The testatrix voluntarily paid towards the cost thereof the sum of $1,000. From the time said house was completed the plaintiff lived with her husband therein. He worked with his father on the farm of the latter, under an arrangement by which each shared in the proceeds of the farm. In 1889 plaintiff's husband had a fall, and sustained injuries to his spine, which partially incapacitated him for work. Soon thereafter he became wholly incapacitated for work, and is, and has for several years been, helpless. During the greater part of the time mentioned in the complaint the proceeds of his father's farm were in part delivered to him, and used by him and the plaintiff in maintaining the household. During all such times he was wholly unable, through any personal effort, to support his family, or aid therein in any way. The plaintiff kept boarders, raised chickens and birds, and did fancy work, and the proceeds thereof were also used toward the support of the household. The house was furnished by the plaintiff and by the testatrix for the use of the plaintiff. The testatrix, in 1894, desired to come to the plaintiff's house to live permanently, and insisted upon the parlor in said house as her bedroom. The evidence is sufficient to sustain a finding that the testatrix came to live with the plaintiff under an agreement to pay the plaintiff $200 a year for the room occupied by her, together with her board and the care, attention, and services consequent upon the occupancy of said room, and that she agreed to pay in addition thereto for the clothing of the plaintiff and her child so long as she lived with the plaintiff, and that she would furnish a stove for the room occupied by her and the coal therefor. On the 26th day of July, 1895, plaintiff's husband conveyed to her the said house and lot, and she then became, and since has been, the owner and holder thereof. The testatrix resided with the plaintiff from January 17, 1894, except for a short interval, until her death, which occurred on the 16th day of February, 1901. The testatrix was an old lady, and the care of and attendance upon her while in said house devolved wholly upon the plaintiff. On June 24, 1900, the plaintiff's husband was taken to the house of his father, and substantially all the time since that date the plaintiff and her husband have lived separately. After the death of the testatrix the plaintiff and her husband each presented a claim against the defendant for the rent of said room, board, etc. The actions brought on such claims were referred to one referee, who reported against the plaintiff's husband in his action and in favor of the plaintiff in her action.

Where a husband, as the head of the household, takes boarders into his house, and his wife takes charge of the house, and thus aids the husband in carrying on the business so maintained in the house, her services and earnings belong to the husband, notwithstanding the statutes of recent years in regard to married women and their separate estates. The right of a married woman to contract with her husband enables her, however, to enter into an agreement with him by which she is to receive the compensation for her personal services

in the care and attention given to persons within the household, and she may also enter into an agreement with him by which she is to have the gross proceeds of the business so to be conducted even in his house, and his agreement therefore is binding upon him. It is said in Reynolds v. Robinson, 64 N. Y. 589:

> "If the husband takes boarders into his house, or converts his house into a hospital for the sick, and his wife takes charge of his establishment, and thus aids him in carrying on his business, in the absence of special proof all her services and earnings belong to her husband. Even under such circumstances the husband might covenant and agree that his wife should receive pay for her services on her own account, but in the absence of some arrangement to that effect the inference of law and fact would be that she was working for her husband in the discharge of her marital duties."

Where a wife renders services and furnishes meals to a stranger under an agreement made between herself and her husband that, in case she renders such services and furnishes such meals, she alone shall receive the recompense therefor, and that it shall become her separate property, the common-law rights of the husband to his wife's services are abrogated, and she may enforce the claim in her own name and right. Lashaw v. Croissant, 88 Hun, 206, 34 N. Y. Supp. 667; Sands v. Sparling, 82 Hun, 401, 31 N. Y. Supp. 251; Carver v. Wagner, 51 App. Div. 47, 64 N. Y. Supp. 747.

The evidence relating to the agreement between the plaintiff and her husband, together with the surrounding circumstances, is sufficient to sustain a finding in the plaintiff's favor. The statements of the plaintiff's husband relating to the agreement were properly received in evidence for the purpose of establishing the special agreement between him and his wife necessary to entitle her to recover against the defendant.

The judgment should be affirmed, with costs. All concur.