Surrogate's Court, Madison County, March, 1924. [Vol. 122

property of the city for the purposes named. As to that there is a cause of action stated against defendant Reynolds. *Hicks* v. *Cocks*, 167 App. Div. 862. The city may not be a necessary but it is a proper party for a complete determination of the rights of the parties. Defendant railway company is a proper party as it retains property of the city illegally appropriated to its use, restitution of which may be enforced. Gen. Mun. Law, § 51; *Rice* v. *Glens Falls Publishing Co.*, 86 Misc. Rep. 503. This seems to be the only cause of action stated in the complaint. Since, however, there is a cause of action stated, the motion will have to be denied, except as to defendant Ritter, as to whom no cause of action is stated. Motion denied except as to defendant Ritter, as to whom it is granted.

Ordered accordingly.

---

In the Matter of the Estate of HIRAM E. CHAFEE, Deceased.

Surrogate's Court, Madison County, March, 1924.

Executors and administrators — claim against estate for services rendered in caring for wife of decedent, claimant's mother, and as housekeeper for decedent — claimant resigned position as stenographer to take care of her mother — agreement to pay her will be implied — claim barred except as to time within six years prior to decedent's death — payment not credited and indefinite as to amount — time of payment and purpose does not renew claim.

An agreement by the decedent to pay the claimant for services rendered in caring for the decedent's wife, the mother of the claimant, and in acting as housekeeper for the decedent will be implied, since it appears that the claimant resigned a position as stenographer in order to take care of her mother, and the implication is not to be negatived by the fact that the parties lived together as one family.

The implication arises that the claimant was to be paid at stated times during her period of service according to the custom of such employment and, therefore, the claim is barred except as to forty weeks which fell within a period of six years prior to the decedent's death.

The claim is not taken out of the operation of the Statute of Limitations by testimony that the decedent paid the claimant something when she left, in the absence of any evidence as to the amount of that payment, the exact time when it was made and the purpose for which it was made, and furthermore, the claimant presented a claim for the total amount of her services without any deductions for payments made thereon.

PROCEEDINGS for judicial settlement of accounts of executor.

*Coley & Kiley*, for Robert M. Chafee.

*Robert J. Fish*, for Cassandria A. Chafee.

SENN, S. Cassandria A. Chafee, one of the daughters of deceased, has presented a claim against the estate for services in caring for

her mother (wife of deceased), from the fall of 1914 to her decease on January 25, 1916, and as general housekeeper for her father during that time and thereafter until September 15, 1917.

Claimant had been away from home a considerable time before the commencement of the services in question and resigned a position as stenographer and business woman she then held at Great River, N. Y., in order to go home and take care of her mother. No express agreement to pay for these services has been shown, but under the circumstances there is no doubt in my mind that this is one of the cases where such an agreement will be implied and that the implication is not negatived on the ground that the parties lived together as one family. *Matter of Lannon,* 75 Misc. Rep. 66; *Markey* v. *Brewster,* 10 Hun, 16; affd., 70 N. Y. 607; *Wilsey* v. *Franklin,* 57 Hun, 382.

The claim is especially contested on the ground that it is barred by the Statute of Limitations, except as to forty weeks which fall within a period of six years prior to testator's decease. On the other hand, the claimant insists that by reason of the continuity of the services and the conditions under which they were rendered, the contract of employment was entire and nothing was due thereunder until its termination; that the case is distinguishable from *Davis* v. *Gorton,* 16 N. Y. 255, where a man and his wife were employed to take care of a farm and keep house for the owner and the court based its decision upon a custom that such services were ordinarily paid for at stated times, while in the present instance it was a case of a daughter working for her parents and no such custom would be presumed. I can see no distinction here from the case cited, because if an agreement to pay is to be implied, it would also be implied that it was with reference to the well-known custom of paying at stated times.

*Shafer* v. *Pratt,* 79 App. Div. 447, cited as distinguishing from *Davis* v. *Gorton, supra,* was where there was a contract to inspect a quantity of pulp, no price being agreed on as compensation, and it was held that the various items of services constituted a single cause of action and not distinct causes as regards the Statute of Limitations. But this was for a definite and limited employ-ment and of course was an entire contract. Necessarily, in that case, no part of the compensation was due until all of the work was done.

In *Matter of Application of Gardner,* 103 N. Y. 533, the facts were somewhat similar to the case at bar. There the services had run over a period of thirty-nine years. There was no agree-ment as to the time the services were to continue, nor as to the

time or measure of compensation. Neither was there any evidence of usage in respect to time or times of payment. The court was unable to find any circumstances to distinguish the case from *Davis* v. *Gorton, supra,* where the court held that a similar indefinite engagement was to be taken as a general hiring, and that the law would not imply an agreement that compensation should be withheld until the termination of the employment.

The case is not at all like those of attorneys, in which it is held, as in *Bathgate* v. *Haskins,* 59 N. Y. 533, that no right of action accrues until the services are ended. An attorney's employment for a certain purpose or case is in its nature limited and entire, being confined to the matter for which he is employed and which it is expected will terminate as soon as can reasonably be brought about.

Claimant also contends that a payment was made to her which takes the case out of the operation of the Statute of Limitations. Almost at the end of the hearing the executor was asked, "Do you know as to whether your father paid Cassandria any money while she was working there?" and he replied, "I know that he paid her some when she left."

It is true that a payment on such a claim would be sufficient to operate as an admission and renewal of liability, by a new promise, for whatever might be found to be actually due for a time against which the statute had not then run (*Gilbert* v. *Comstock,* 93 N. Y. 484), but that was held where in case of a long running account for board of a decedent, there was an entry in the book of the latter in her own handwriting, viz., "Nov. 11, 1875. Paid sister Gilbert for board $46.00."

In the instant case if there was any payment as stated by Robert Chafee, it does not appear how much was paid and we are left to surmise as to what it was for. It might have been for railroad fare or a gift or for some other purpose not revealed in the testimony. At any rate, the claimant has presented a claim for the total amount of her services and no payments have been credited thereon. Up to the time when the quoted question was asked of Robert, the executor, the case had been tried upon the assumption that no payments had been made.

I must hold that claimant is entitled to compensation for forty weeks at $8.75 per week (the stipulated value), amounting to $350, and that otherwise her claim must be rejected on account of being barred by the Statute of Limitations.

Decreed accordingly.