ANNA MARTIN, Respondent, *v.* BRONX COUNTY TRUST COMPANY and Another, as Executors, etc., of JACOB MARTIN, Deceased, and Others, Appellants.

First Department, November 18, 1932.

*Alfred J. L'Heureux* of counsel [*Rumsey & Morgan*, attorneys], for the appellants.

*Theodore Arnold* of counsel [*Samuel P. Shapiro* with him on the brief; *Leon Bleecker*, attorney], for the respondent.

O'MALLEY, J. The judgment in favor of the plaintiff, wife of defendants' testator, is predicated upon the *implied* promise by the testator to pay her for services rendered in connection with the management and operation of two rooming houses owned by the testator. These houses consisted of an apartment for the use of the plaintiff, the testator and his family, together with a store and sixteen rooms devoted to rooming house purposes.

Plaintiff's evidence was to the effect that her services consisted of maintaining the rooms and buildings in a clean condition and in taking charge of the renting of the rooms and the collection of rents and that she performed such services unaided for a period of some four years, and with the assistance of another woman, for an additional four years.

Assuming without conceding that services rendered by a wife on behalf of her husband might be of such extraordinary nature as to imply a promise in law, we are of opinion that the services here rendered were not of such an exceptional character as to warrant a finding of any agreement upon testator's part to pay compensation. (*Briggs* v. *Devoe*, 89 App. Div. 115; *Whitaker* v. *Whitaker*, 52 N. Y. 368; *Reynolds* v. *Robinson*, 64 id. 589; *Porter* v. *Dunn*, 131 id. 314; *Matter of Callister*, 153 id. 294; *Stevens* v.

*Cunningham,* 181 id. 454, 458.) It was held in the case last cited " that notwithstanding the enabling statutes conferring valuable personal and property rights upon married women, they have no effect upon those duties which a wife owes to the husband at common law in the marriage relation."

It follows that the judgment so far as appealed from in favor of the plaintiff should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., SHERMAN and TOWNLEY, JJ., concur; MERRELL, J., dissents and votes for affirmance.

MERRELL, J. (dissenting). Plaintiff, in her amended complaint, alleges two causes of action against the defendants. The first cause of action is for specific performance of an oral antenuptial agreement whereby it is alleged the decedent, in consideration of marriage, promised and agreed to make a will leaving to plaintiff his widow, one-half of all of his property. The second cause of action was to recover the sum of $8,000, which plaintiff claims she was entitled to receive by virtue of a contract between herself and her deceased husband that she should be paid compensation for services rendered for taking care of, cleaning and managing two rooming houses, each containing eight apartments, owned by the said decedent during his lifetime. The action was tried on the equity side of the court, and at the close of the evidence the court struck out the first cause of action as not proven, but rendered judgment in favor of plaintiff on the second cause of action for five dollars a week for the six years preceding decedent's death under an implied contract that the decedent would pay plaintiff, his wife, reasonable compensation for the extra labor which she performed in his behalf. The evidence clearly shows without dispute that for eight years prior to the death of decedent plaintiff took entire charge of the two rooming houses of the decedent, did all of the cleaning, scrubbing floors, washing, renting rooms, collecting rents, and keeping the rooms and the buildings in a clean condition, and doing all work necessary in and about the conduct and operation of said rooming houses and buildings. Plaintiff's testimony is uncontradicted that she did this work every day of the week, including Sundays, during said eight years prior to decedent's death. None of testator's children, the individual defendants herein, who were members of the decedent's household, rendered any assistance to the plaintiff in tbe performance of said work. It was only during the final four years of the decedent's lifetime that the plaintiff had the assistance of a woman to help with the cleaning once a week. During this entire period of eight

years the respondent received no compensation whatsoever for her services. Every dollar that was collected by her for rentals she faithfully turned over to decedent. The work which plaintiff thus performed was entirely apart and distinct from her usual and ordinary domestic duties as the wife of the decedent. As such she kept her own apartment in order, did all of the work, and cooked the meals for seven persons, including the decedent and the three individual defendants. The decedent left a will leaving all of his property to his three children by a prior marriage, who are the individual defendants herein. At the time plaintiff married the decedent the oldest of his three children was a son aged twenty-eight years, and there was a daughter aged twenty-six years, the youngest daughter being then sixteen years of age. At the time of the trial plaintiff, who had been ejected from the home of the decedent by the individual defendants, was approaching sixty years of age, was unemployed, without means of support, and practically penniless, her entire fortune at the time of the trial being $79. So far as the evidence disclosed plaintiff was the only survivor of the decedent who was too old to provide for herself. The decedent's children were apparently ablebodied and fully able to support themselves.

The appellants attack the judgment rendered in plaintiff's favor on the ground that under the decisions of the courts of this State, several of which were cited, plaintiff was not entitled to recover for domestic services performed for her husband during his lifetime. The court, in rendering judgment, confined plaintiff's recovery for services to six years immediately preceding the decedent's death. The authorities upon which the appellants rely are cases where a wife has rendered *domestic services* for her husband and where she was denied compensation therefor. I think the situation here presented was entirely distinguishable from the line of cases upon which the appellants rely. The services performed by plaintiff for which she has been awarded judgment were not domestic services, but were extraordinary services rendered by plaintiff for her husband for which she was entitled to receive compensation. I think, under the circumstances of this case, plaintiff is entitled to recover the reasonable value of the services rendered by her at the request of the decedent. Practically all of the cases cited by appellants arose before the enactment of the so-called Married Women's Enabling Act and correlative legislation, which statutes materially changed the status of married women, and now allow them to contract as though single. Some of the authorities upon which the appellants rely involve the rights of creditors. In the case at bar no such rights of creditors are involved. In *Coleman* v. *Burr* (93 N. Y. 17), cited by appellants, there was involved an

agreement by a husband to pay his wife for services rendered by her to her husband's mother. In that case the rights of creditors were involved. The court based its decision upon the fact that the services rendered were household services in the discharge of a duty which the wife owed to her husband and because the services brought no benefit to the husband. The following statement from the opinion of the Court of Appeals in *Coleman* v. *Burr* (*supra*, at p. 31) clearly discloses the ground upon which the decision of the court in that case was made: " But when she renders service in the household in the discharge of a duty which she owes to her husband, or which he owes to another, an inmate of his family, and receives no payment from the person to whom the service is rendered, and is entitled to receive none, and brings no money or property by her service, to her husband, she cannot stipulate with him for compensation from him, and the services thus rendered are not under the protection of the statute of 1860.*"

In the case at bar there certainly was no duty on the part of the plaintiff to operate a rooming house business for her husband. The evidence shows that her services were of great benefit to her husband, and brought to him a steady income without any effort or labor on his part. In *Matter of Reuter* (5 Dem. 162) the services rendered by the wife were " inseparably connected with the marital relation." All of the decisions upon which the appellants rely were made long prior to the enactment by the New York Legislature of the so-called Married Women's Enabling Act, now sections 50 and 51 of the Domestic Relations Law of this State. Section 51 of the Domestic Relations Law provides as follows:

" § 51. Powers of married woman. A married woman has all the rights in respect to property, real or personal, and the acquisition, use, enjoyment and disposition thereof, and to make contracts in respect thereto with any person, including her husband, and to carry on any business, trade or occupation, and to exercise all powers and enjoy all rights in respect thereto and in respect to her contracts, and be liable on such contracts, as if she were unmarried; * * *."

There is no good reason why a married woman should not be able to contract with her husband for the payment of a reasonable compensation for unusual and extraordinary services rendered by her outside of her usual household and domestic duties. The appellants' whole argument seems to be based upon the ground that the respondent's services were domestic services. Such is not the situation presented by the evidence in this case. The

---

* See Laws of 1860, chap. 90.— [Rep.

decedent was in the rooming house business. The respondent managed, controlled and carried on such business in addition to her usual and proper domestic duties in caring for the decedent and his family. She received no assistance in carrying on the decedent's business of operating his rooming houses, and the amount derived therefrom constituted the sole source of the decedent's income.

The prevailing rule in most jurisdictions where laws have been enacted permitting a wife to contract, is that she may contract for payment to her by her husband for any unusual services she may render him which are outside the ordinary and usual services she must perform growing out of the marriage relationship. In Page on the Law of Contracts (Vol. 2 [2d ed.], § 932, p. 1651) it is stated: "If the contract between the husband and wife requires her to perform services which she is not bound to do by reason of the marital relation between the parties, such contract is enforceable if husband and wife have power to enter into a contract with one another. A contract by which a wife agrees to act as a private detective in her husband's detective agency, or as a clerk, or as a selling clerk, or as a cook in his restaurant, is valid."

In sister States, notably Pennsylvania, Indiana and California, where Married Women's Enabling Acts have been passed which are practically identical to the New York statute (Dom. Rel. Law, §§ 50, 51), it has been held that a husband may contract directly with his wife for the performance of extra and unusual services in the course of his business outside the family relation, and that the wife is entitled to be paid for such services. Such was the holding of the Supreme Court of Pennsylvania in *Nuding and Schlouch* v. *Urich* (169 Penn. St. 289), the Supreme Court of Pennsylvania holding, in view of the Pennsylvania Enabling Act, the wife might recover for such extra and unusual services in the course of the husband's business outside of the family relation. The decision in *Nuding and Schlouch* v. *Urich* (*supra*) was a majority decision of the court. Two of the justices sitting in that case dissented upon the ground that the alleged contract was not good as against the husband's creditors. As before stated, no creditors' rights are involved in the case at bar. In *Moore* v. *Crandall* (205 Fed. 689) the United States Circuit Court of Appeals, Ninth Circuit, held that in the State of California, under the provisions of the California act, which is practically identical with the present statute in this State, a husband and wife may lawfully agree that money earned by the wife for services which do not devolve on her by reason of the marriage relation shall be her separate property, and that the wife may contract with her husband to per-

form services for him outside the family relation for wages, which are to be her separate property. So, in the case of *Roche* v. *Union Trust Co.* (52 N. E. 612) the appellate court of Indiana held that, under the Revised Statutes of Indiana abolishing all legal disabilities of married women to make contracts, a contract of a husband to pay his wife for services as clerk in his store is for a valid consideration.

The case here presented has not been clearly decided in the State of New York. The appellants rely on decisions of our courts rendered prior to the enactment of the Married Women's Enabling Act, now embraced in sections 50 and 51 of the Domestic Relations Law. In the absence of some direct authority by way of court decision in this State to the contrary, since the enactment of the so-called Married Women's Enabling Act, I think the reasonable rule which has been adopted in other sister States where Married Women's Enabling Acts practically identical to that now upon our statute books, should be adopted, and that a wife should be permitted to recover for unusual and extramarital services rendered by her. The present tendency to accord to women rights consonant with their present day political, social and economic conditions support the justice of such rule. Particularly, such rule should be followed in a case, as here, where the failure to do so would result in unwarranted hardship to the respondent.

It is stated in the brief of the respondent that an action is now pending, brought by plaintiff against the defendants, for admeasurement of her dower in the real estate of which the decedent died seized, and that the defendants in that action deny that the plaintiff was the wife of the decedent. The defendants, appellants, notwithstanding the assertion in their reply brief on this appeal that " no such defense can be found in the record," in their answer herein to the amended complaint directly and unequivocally deny that the plaintiff and the decedent were married. It thus appears that not only do the defendants, appellants, seek to deprive plaintiff of reasonable compensation for long years of toil for the benefit of their father and themselves, but are also denying her dower in her deceased husband's estate upon the ground that the plaintiff and the decedent were never married.

While the plaintiff proved no express contract whereby she was to receive compensation for her labor, I think, under the circumstances, the court at Equity Term properly held that an implied contract on the part of the decedent to pay plaintiff a reasonable compensation for her services was established. Where the circumstances are such that the decedent could not have expected that the services which the plaintiff rendered were rendered gratuitously,

a promise to pay therefor will be implied. Certainly the services rendered by the respondent herein were "extraordinary and unintelligible," unless she performed them with an expectation of receiving compensation therefor. The decedent never paid her a dollar for her arduous labors in his behalf in carrying on his business. Perhaps a different situation might be presented were the rights of creditors involved, but no such situation is here presented. As was said by the court in *Matter of Chafee* (122 Misc. 768): "No express agreement to pay for these services has been shown, but under the circumstances there is no doubt in my mind that this is one of the cases where such an agreement will be implied and that the implication is not negatived on the ground that the parties lived together as one family. *Matter of Lannon*, 75 Misc. Rep. 66; *Markey* v. *Brewster*, 10 Hun, 16; affd., 70 N. Y. 607; *Wilsey* v. *Franklin*, 57 Hun, 382."

I think, under the circumstances of this case, the plaintiff, respondent, was entitled to the compensation awarded her by the court below, and that the judgment so far as appealed from should be affirmed, with costs to plaintiff, respondent, against defendants, appellants.

Judgment so far as appealed from reversed, with costs, and the complaint dismissed, with costs. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.