Laurence D. Wood, S.
Decedent passed away on August 24, 1963, and her last will and testament was duly admitted to probate by this court on October 16,1963.
Decedent and the mother of claimant Charles H. Hoeflich were close girlhood friends many years ago when both had resided in Syracuse, and this friendship continued and flourished during the subsequent years, after each had married. During this period claimant’s parents were living in Pennsylvania, and decedent and her husband were living in Syracuse, New York, and were frequent house guests of each other. Later decedent was a frequent house guest of claimant who also resided in Pennsylvania. As a result of this, a close friendly relationship *366 developed over the years between decedent and claimant, to the extent that, while there was no blood relationship, decedent referred to claimant as her nephew, and claimant to decedent aá his aunt. Gifts and remembrances were exchanged on Christmas, birthdays, etc. This close personal relationship between decedent and claimant continued without interruption until her death.
Decedent’s husband passed away in 1946, and, decedent having practically no knowledge of even elementary financial matters, or of investments, turned to claimant for advice and assistance. Claimant in the meantime had become a banker by profession, skilled in matters of finance and investments, and assisted, advised and guided decedent in great detail in all such matters, including management, purchase and sale of investments, preparation of income tax returns and supervision of bank accounts. Purchases and sales of securities for decedent were made through claimant’s office in Philadelphia. At the time of the death of decedent’s husband in 1946, his gross estate was approximately $130,000. At the time of decedent’s death her estate was valued at approximately $240,000. The evidence indicated that there was considerable increase in market value of stocks and ‘‘everything else” during this period of time. Claimant made numerous trips from his home in Pennsylvania to Syracuse, a round-trip distance of 530 miles, to see decedent. The purpose of these trips was usually for the combined purposes of assisting decedent in her financial affairs and of a personal friendly visit. During recent years claimant made about five such trips each year. The trips involved a stay of one or two nights in Syracuse. Claimant also telephoned decedent about once a week from his home to Syracuse, the purpose of the calls being a combined personal and business nature. Claimant never requested or received any compensation from decedent. He never sent a bill for services to decedent. Decedent, on the other hand, never promised or expressed any intention or desire to pay claimant for his services.
Claimant by claim duly filed with the executor, and rejected, seeks to recover the value of these services from the estate of decedent. Claimant received about $950 as contingent beneficiary of an annuity contract on the life of decedent, and is named in her will as beneficiary of a legacy in the amount of $2,000.
Having alleged or proven no express contract, claimant must rely on the rule of ‘ ‘ quantum meruit ’ ’, literally ‘ ‘ as much as he deserves ” or more liberally translated as the “ value of the services rendered The essence of the rule is that under cer *367 tain circumstances the law will imply a promise to pay for services rendered. (Williams v. Hutchinson, 3 N. Y. 312.) However, in order to recover on quantum meruit the services must have been rendered under such circumstances as would imply an agreement to pay therefor. (McKeon v. Van Slyck, 223 N. Y. 392.) In applying these rules of law the courts have thus held that in cases where the parties are strangers, or dealing at arm’s length, that the request for or acceptance of the benefits of the services raises a strong implication of a promise to pay the reasonable value to the one who performs, and recovery is permitted even though there be no specific testimony of an intention on the part of the recipient of the services to pay therefor. (McKeon v. Van Slyck, supra; Matter of Harvey, 15 A D 2d 834.) On the other hand the courts have refused to imply a promise to pay in cases involving services to a person closely related by blood (Collyer v. Collyer, 113 N. Y. 442) or by marriage (Martin v. Bronx County Trust Co., 237 App. Div. 246).
The problem here presented is whether the rule of law of McKeon v. Van Slych (supra) should be applied to the facts of this case, inasmuch as claimant and decedent were not related by blood or marriage, or whether the rule of law of Collyer v. Collyer (supra) should be applied in view of the close personal relationship between claimant and decedent.
In our opinion the rule of the Collyer case must prevail here. It would seem clear from the evidence that the actual relationship between claimant and decedent was very close, closer in fact than many cases of actual blood relationship, and as claimant testified, developed into a “ pseudo ” aunt-nephew relationship. We think that had claimant expected to be paid for his services that the natural and normal procedure would have been for him to request payment in some manner of decedent during her lifetime. This is particularly true in view of the fact that claimant was a banker, skilled in commercial matters, having knowledge of usual and ordinary procedures in this repect. We think that his failure to present a claim to decedent during her lifetime, a period of 16 years, is clearly indicative of his intent that the services were rendered with no intention of being paid. Under such circumstances there can be no recovery under quantum meruit. (Matter of Allen, 306 N. Y. 720.)
Conversely the evidence discloses no indication of a desire or intention or acknowledged obligation by decedent to pay claimant any recompense for the services rendered. This has been held to be a necessary element prerequisite to a recovery in quantum meruit between parties related by blood or marriage, *368 (Matter of Hamilton, 70 App. Div. 73, affd. 172 N. Y. 652; Matter of Basten, 204 Misc. 937.)
We think the same rule applies to this case in view of the close personal relationship of claimant and decedent.
The appellate courts have held under similar circumstances that where claimant and decedent were not actually related, but assumed a de facto relationship, that claimant could not recover for services rendered to decedent in his lifetime in the absence of an express promise to pay. Thus in Matter of Gorden (8 N Y 2d 71) recovery was denied where claimant and decedent though not related operated an inn as husband and wife, although the services of claimant exceeded those usually performed by a housewife. In Williams v. Hutchinson (supra) the court refused to imply a promise to pay and denied recovery for services performed by a stepchild of defendant where defendant took the stepchild into his home and raised him as his own son. We cannot distinguish, in principle, the facts and circumstances of the present case from the Gorden and Williams cases.
The claim is dismissed. Decree to be entered accordingly.