GEORGE W. STAMP, Respondent, *v.* AUGUSTUS W. FRANKLIN, as Executor, etc., Appellant.

An adjudication in an action in which a wife, but not her husband, is a party, does not bind him in a subsequent action, and, *it seems*, he may not avail himself of the benefit thereof on the ground merely that he is the husband.

In an action to recover for board furnished D., defendant's testatrix, these facts appeared: Plaintiff and his wife, at the request of D., who was old and infirm, took up their residence in her house, and the wife took care of her, preparing her meals, etc., for about five years until her death. After such death plaintiff's wife brought an action against defendant for such board and services, alleging in her complaint that, by special agreement between her and her husband, she was given by him her own time and what the board was worth. On the trial plaintiff was a witness for his wife. The claim for board was disallowed on the ground that the wife had failed to show that the claim therefor was enforcible in her favor. *Held,* that the judgment was not a bar to the maintenance of this action; that the fact the plaintiff was a witness for his wife in the former action, to establish her claim for board, might have estopped him in equity had she succeeded in recovering it, but, as she failed, there was no such estoppel.

Assuming that, under the Married Woman's Act (Chap. 90, Laws of 1860), an agreement by the husband that the title to a claim for board shall vest in his wife is valid, an authority given by the husband in such a case that payment may be made to the wife does not vest in her a legal title to the claim.

(Argued January 25, 1895; decided February 5, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 18, 1894, which denied a motion for a new trial and ordered judgment in favor of plaintiff upon verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William H. Smith* for appellant. It was an error on the part of the court to allow the plaintiff to amend his complaint, upon the trial, by "striking out the allegations of the assignment from the husband to the wife, and from the wife

to the husband," of the account in suit. (Code Civ. Pro. §§ 723, 829 ; *Miller* v. *Moore,* 1 E. D. Smith, 743 ; *Jones* v. *Jones,* 1 How. Pr. [N. S.] 510 ; *Conway* v. *Mayor, etc.,* 8 Daly, 306.) The exception taken to the testimony of the plaintiff's wife should have been sustained. (Code Civ. Pro. § 829 ; *Heyne* v. *Doerfler,* 124 N. Y. 506; *Nay* v. *Curley,* 118 id. 575 ; *Holcomb* v. *Holcomb,* 95 id. 325.) It appearing that the plaintiff, his wife and Mrs. Douglass all lived together as one family, and that no specific contract to pay for board was proven, the exception to the ruling of the court, refusing to grant a non-suit, was well taken. (*Sullivan* v. *Sullivan,* 6 Hun, 658; *Williams* v. *Hutchinson,* 3 N. Y. 318; *Wilcox* v. *Wilcox,* 48 Barb. 329 ; *Carpenter* v. *Weller,* 15 Hun, 134; *Mallory* v. *T. Ins. Co.,* 47 N. Y. 52 ; *Webb* v. *Odell,* 49 id. 583.) The exception to the ruling of the court denying the motion that a verdict should be directed for the defendant, and the exception to the direction of a verdict for the plaintiff, were well taken. (*Embury* v. *Connor,* 3 N. Y. 522; *Harris* v. *Harris,* 36 Barb. 94; *Clemens* v. *Clemens,* 37 N. Y. 59 ; *Bagley* v. *Bowe,* 105 id. 171.) The board legally belonged to the wife, and the decision of the General Term in the action in which the wife was the plaintiff was erroneous. (Laws of 1884, chap. 381; *Brooks* v. *Scherwin,* 54 N. Y. 343 ; *Reynolds* v. *Robinson,* 64 id. 593 ; *Coleman* v. *Burr,* 93 id. 26, 30, 31 ; *Berbeck* v. *Ackroyd,* 74 id. 356 ; *Blaechinska* v. *H. M. House,* 130 id. 499 ; *Porter* v. *Dunn,* 131 id. 314.)

*William T. Morris* for respondent. The only question which is brought up for review on this appeal is the determination of the law of this case as laid down by the General Term. (Code Civ. Pro. § 1336.) No error was committed in allowing the plaintiff to amend his complaint upon the trial by striking out the allegations of the assignment from the husband to the wife and from the wife to the husband. (Code Civ. Pro. § 723 ; *Smith* v. *Rathbun,* 13 Hun, 47 ; *Klemm* v. *N. Y. C. & H. R. R. R. Co.,* 78 id. 278.) The trial court

properly allowed the evidence of Edna M. Stamp. (*Porter* v. *Dunn*, 131 N. Y. 314.) The former adjudication in an action brought by Edna M. Stamp against Augustus W. Franklin, as executor of the last will and testament of Martha W. Douglass, deceased, is a bar to recovery in this action. (*Stowell* v. *Chamberlain*, 69 N. Y. 272; *Stennard* v. *Hubbell*, 56 Hun, 450; *Bell* v. *Merrifield*, 109 N. Y. 202; *Ellis* v. *O. N. & B. Co.*, 125 id. 341; *Rose* v. *Hawley*, 133 id. 315; *Robinson* v. *N. Y., L. E. & W. R. R. Co.*, 64 Hun, 41.) Plaintiff is estopped by the part he took in procuring the judgment in favor of Edna M. Stamp, his wife. (*Reynolds* v. *Robinson*, 64 N. Y. 589.) The cause of action sought to be· enforced by the plaintiff never belonged to Edna M. Stamp, the wife, but legally belonged to George W. Stamp, the husband. (*Porter* v. *Dunn*, 131 N. Y. 314; *Stamp* v. *Franklin*, 35 N. Y. S. R. 828.)

Andrews, Ch. J. The action was brought to recover for board furnished defendant's testatrix from November 5, 1884, to January 10, 1889, and on the conclusion of the evidence the trial judge directed a verdict for the plaintiff for the sum of $1,145.25, the value of the board at the rate of seventy-five cents a day. The complaint alleged that the plaintiff furnished the board at the request of the testatrix, and that thereafter he assigned the demand therefor to his wife, who re-assigned the same to the plaintiff. The answer contained a general denial of the complaint and also set up a former judgment in an action brought by Edna M. Stamp, the wife of the plaintiff, against the defendant, in bar of the action. On the trial the court permitted the plaintiff to amend the complaint by striking out the allegations of assignment and re-assignment, and thereafter the action stood as an ordinary action to recover a demand for board furnished by him to the defendant's testatrix. It appears that the plaintiff and his wife, in 1884, at the request of the testatrix, took up their residence in the house of Mrs. Douglass, the testatrix, an old and infirm

lady, and thereafter she was furnished with board, and the plaintiff's wife, during several years and until the death of the testatrix, took care of her, preparing her meals and rendering her such other services as her condition required. The plaintiff paid rent during the time.

The facts in respect to the former judgment are briefly these: In 1889, after the death of the testatrix, Edna M. Stamp, the wife of the plaintiff, brought an action against the executor for the board so furnished and for the services rendered, alleging in her complaint an indebtedness of the testatrix therefor of $3,119, and further alleging that she was a married woman and that by special agreement made between herself and her husband before the rendition of the services and the furnishing of the board, she was given by him her own time and whatever the board of Mrs. Douglass might be worth, and that she was thereby entitled to the claim therefor in her own right. The executor put in an answer denying the complaint. On the trial of the wife's action, the plaintiff in this action (the husband) was a witness in her behalf to establish her claim. The wife recovered in her action, and was awarded by the referee the sum of $2,631.05, which included the sum of $1,445.25, for the board of Mrs Douglass between the dates mentioned. On appeal, the General Term modified the judgment by striking out the award for board, leaving the judgment to stand for the balance, and both parties acquiesced in the modification, and the judgment, as modified, was paid by the executor. The General Term, in disallowing the claim for board, proceeded on the ground that presumptively it was furnished by the husband, and that there was no satisfactory evidence that the claim therefor belonged to the wife. Under these circumstances, it is plain that the prior judgment was no bar to the maintenance of this action. The plaintiff was not a party to the former action, and moreover the judgment, as finally rendered therein, was consistent with the claim in this action that the claim for board was a demand existing in favor of the husband. The judgment did not pass against the wife upon the ground that there was no indebted-

ness for board, but on the ground that the wife had not shown
that the claim was enforcible in her favor.  Even if the wife
had been defeated in her action on the merits, the adjudication
would not bind the husband, or bar his subsequent action to
recover the claim in his own right, as the original creditor.
Husband and wife are for most purposes distinct persons at
law, and an adjudication in an action to which a wife is a party
alone, without her husband, neither binds him in a subsequent
action, to which he is a party, nor can he avail himself of the
benefit of the adjudication on the ground merely that he was
the husband.    If, in respect to the subject-matter of the wife's
action, there was a privity between the husband and wife, he
would be bound under the same circumstances as a former judg-
ment binds other persons, and not otherwise.   Privity implies a
relationship by succession or representation between the party
to the second action and the party to the prior action in respect
to the right adjudicated in the first action.    When this exists
the party in the second action is barred by an adjudication
upon the right ·made in the first action. (Bigelow on
Estoppel, 142 *et seq.*)   There may be cases not coming within
the strict rule of estoppel by judgment, where a person not a
party will be bound.   The husband was a witness for the wife
in her action and by his testimony sought to establish her
claim to the ownership of the demand for board.   If the wife
had finally prevailed upon this contention and recovered judg-
ment for the board bill, there would be strong reason for hold-
ing him estopped in equity from subsequently asserting an
independent right to recover the same demand, in repudiation
of his own act and conduct in a former suit.   It would be
not only an imposition upon the court, but a detriment to the
defendant if he could be permitted subsequently to recover
again the same demand which he had aided his wife to estab-
lish in the first action.   But in the former litigation the plain-
tiff failed, and the fact that the husband was a witness for his
wife in that suit could create no equitable estoppel, because
there was no injury.   The mere fact that a person was a wit-
ness in a former litigation, does not bind him by the result

of that litigation, nor does it in law conclude him from changing his testimony or making even an inconsistent claim in a subsequent action to which he is a party, and much less does it conclude him where the subsequent action is consistent with the judgment in the former one. (See Bigelow on Estoppel, 135, and cases cited in note.) We think the defense of a former adjudication was not sustained. The judge on the conclusion of the evidence directed a verdict for the plaintiff. Each party asked a direction in his favor, and the motion on the part of the defendant having been denied, he asked to go to the jury upon the questions whether the plaintiff was the owner of the claim for board, and whether he had not by agreement with his wife consented that the claim for board should belong to her. The defendant on the former trial defeated a recovery by the wife for the board bill, on the ground that presumptively the demand belonged to the husband. In the present action he seeks to defeat a recovery by the husband on the ground that it belonged to the wife. The defendant did not plead that the plaintiff was not the real party in interest, nor that the claim belonged to the wife. (*Savage* v. *Corn Ex. Ins. Co.*, 4 Bosw. 1; affd., 36 N. Y. 655; *Smith* v. *Hall*, 67 id. 48.) But, moreover, we think there was not sufficient evidence to have justified the jury, if the question had been submitted to them, in finding the claim belonged to the wife and not to the husband. There can be no reasonable doubt that the husband furnished the board. The most, we think, which the evidence tends to establish is that the husband authorized payment therefor to be made to the wife. This did not vest in her the legal title to the claim, assuming that under the statute of 1860 an agreement by the husband that the title to the board money should vest in her would be valid. (See *Coleman* v. *Barr*, 93 N. Y. 31.)

There was no legal error committed on the trial and the judgment should, therefore, be affirmed.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.