## MEINHARDT v. EXCELSIOR BREWING CO.

(Supreme Court, Appellate Division, Second Department. May 1, 1903.)

1. MONEY RECEIVED—JOINT OWNERSHIP OF FUND—FAILURE TO PLEAD IN ABATEMENT—EFFECT.

Code Civ. Proc. § 449, requires actions to be prosecuted in the name of the real party in interest. Municipal Court Act, § 20 (Laws 1902, p. 1496, c. 580), makes the Code of Civil Procedure applicable to the Municipal Court of New York City. Held, that a defendant sued in the Municipal Court for money had and received, who fails to plead in abatement the joint ownership of a third person with plaintiff in the fund, thereby waives such defense.

Appeal from Trial Term.

Action by George Meinhardt against the Excelsior Brewing Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Adolph Feldblum, for appellant.
Victor E. Whitlock, for respondent.

JENKS, J. The oral pleadings are complaint for money had and received, and answer of general denial. There was no amendment of the answer. At the close of the case the defendant moved for

a dismissal of the complaint on the ground that it appeared that the ownership of the fund was equally in the plaintiff and a third party. The court gave judgment dismissing the complaint on the merits. The defendant could have pleaded that defect in abatement. Laws 1902, p. 1496, c. 580. As it did not, I think that it waived the point. Section 20, Municipal Court Act (section 449, Code Civ. Proc.); Carr v. Security Insurance Company, 109 N. Y. 504, 511, 17 N. E. 369. I think that the exceptions to the rulings that admitted testimony to establish the fact of part ownership in a third person were well taken. Smith v. Hall, 67 N. Y. 48; Spooner v. D., L. & W. R. Co., 115 N. Y. 22, 21 N. E. 696; Zapp v. Miller, 109 N. Y. 51, 15 N. E. 889; Stamp v. Franklin, 144 N. Y. 607, 39 N. E. 634.

The judgment should be reversed, and a new trial ordered. All concur.