## SCHEU v. BLUM.

(Supreme Court, Appellate Division, First Department. February 4, 1910.)

WITNESSES (§ 140*)—COMPETENCY—INTEREST IN ACTION AGAINST DECEDENT'S ESTATE.

   The husband of plaintiff in an action against a decedent's estate for services as nurse, who testifies that what he earned and what his wife earned was kept together and used for their personal expenses, is interested in the event of the action, within Code Civ. Proc. § 829, rendering a person having such interest incompetent to testify for plaintiff.

   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 598–618; Dec. Dig. § 140.*]

Appeal from Trial Term, New York County.

Action by Magdalena Scheu against Jacob Blum, as administrator of Nicholas Blum, deceased. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

See 119 App. Div. 825, 104 N. Y. Supp. 887; 124 App. Div. 678, 109 N. Y. Supp. 130; 118 N. Y. Supp. 1138.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, McLAUGHLIN, and DOWLING, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Louis Wendel, Jr., for appellant.
Elias B. Goodman, for respondent.

DOWLING, J.　Plaintiff claims to have rendered services to Nich-olas Blum as nurse and attendant from August 11, 1901, to January 6, 1905 (except from August 13, 1902, to September 3, 1902), for which she sought to recover the sum of $3,000, and also asks for the repay-ment of alleged loans made by her to him amounting to $210.　The latter claim, although sought to be substantiated by proof, was with-drawn by plaintiff at the close of the case.　The former issue is that which was submitted to the jury, and upon which a verdict was given in plaintiff's favor for $900.

This case was before this Court upon an appeal from a judgment previously obtained, and it was then held that a verdict in plaintiff's favor must be reversed, not only because of errors committed at the trial, but because it was against the weight of evidence.　119 App. Div. 825, 104 N. Y. Supp. 887.　The present record is free from the errors then found; but the other objection, that the verdict was against the weight of evidence, is still applicable to this recovery.　The existence of the alleged contract of employment depends upon the testimony of the husband, for which there is no substantial corrobora-tion.

The card, purporting to be dated August, 1901, which is claimed to have been seen by plaintiff's husband about August 11, 1901, affords no corroboration of his testimony that an agreement for plaintiff's services was made as testified to by him.　Nor does the card itself, assuming it to be genuinely dated, show anything more than a desire on the part of decedent to see plaintiff at his house.　It is barren of any suggestion of a call for the services of a nurse or attendant.　The courts have repeatedly called attention to the necessity for very satis-factory evidence in order to support verbal contracts of the kind here sued upon.　Furthermore, plaintiff's husband testified upon this trial that he and his wife "kept house together," and that the money she earned "and what he earned" were kept together and used for the household expenses and personal expenses for both himself and his wife.　And he further testified:

"In other words, we had just one fund.　What was mine was hers, and what was hers was mine."

There can be no doubt that under this testimony plaintiff's husband was a person interested in the event, within the meaning of section 829 of the Code of Civil Procedure, and the refusal to strike out his testimony on the ground that he was interested, and that the Code provision referred to had been violated, when a motion so to do was duly made at the close of his examination, was error.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.　All concur.