### FISHER v. FALLON et al.

(Supreme Court, Special Term for Trials, Westchester County. June 7, 1913.)

1. SPECIFIC PERFORMANCE (§ 121*)—CONTRACT TO DEVISE—EVIDENCE OF EXISTENCE OF CONTRACT.

   Evidence in an action against executrices to enforce an alleged oral contract of the testator whereby, for a valuable consideration, he was to devise and bequeath to the plaintiff the real and personal property claimed, *held* not of that clear and convincing character necessary to establish such a contract, or to be corroborated in all substantial parts by disinterested witnesses.

   [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 387–395; Dec. Dig. § 121.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. SPECIFIC PERFORMANCE (§ 121*)—CONTRACTS TO DEVISE—SUFFICIENCY OF
　EVIDENCE—INTEREST OF WITNESSES.

　　The interest of witnesses in the outcome of an action to enforce an
　alleged oral contract whereby deceased agreed to devise the real and
　personal property claimed by plaintiff may be considered when weighing
　their testimony.

　　[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 387–
　395; Dec. Dig. § 121.*]

3. SPECIFIC PERFORMANCE (§ 130*)—ACTION ON CONTRACT TO DEVISE—RELIEF
　TO DEFENDANT.

　　Where defendants, in an action on an alleged oral contract of their
　testator to devise certain real and personal property to the plaintiff, set
　up a counterclaim seeking judgment for the possession of the house and
　lot and for the delivery of the furniture therein, and. damages for the
　retention of both, as to which they gave no evidence, and plaintiff made
　no objection to the blending of a cause of action for ejectment and one for
　replevin under one counterclaim, defendants, on dismissal of the com-
　plaint, should have judgment for the possession of the real and per-
　sonal property claimed.

　　[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§
　424,. 425; Dec. Dig. § 130.*]

Action by Rhoda M. Fisher against Alice M. Fallon and another,
individually and as executrices of the last will and testament of Al-
bert A. Bellany, deceased. Judgment for defendants, dismissing the
complaint, and for the possession of the real and personal property.

Dayton, Bailey & Middlebrook, of New York City, for plaintiff.
Sydney A. Syme, of Mt. Vernon, for defendants.

TOMPKINS, J. The plaintiff asks for a judgment directing the
defendants to execute and deliver to her a conveyance of the real
property described in the complaint, and a suitable instrument trans-
ferring to her the furniture and contents of the dwelling house upon
the said premises, all of which property, real and personal, was for-
merly owned by decedent, Albert A. Bellany. The action is based upon
the plaintiff's claim that the said Albert A. Bellany, deceased, for a
good and valuable consideration, made an oral agreement to give, de-
vise, and bequeath to the plaintiff, by his last will and testament, the
said real premises and personal property, and to make payable to her
a certain policy of insurance for $500 issued upon his life by the Pru-
dential Insurance Company, and also to make payable to her certain
benefits, amounting to $200, which would grow upon his death from
certain mortuary funds established by and for the benefit of the em-
ployés of the Metropolitan Museum of Art.

[1] The frequency with which such actions are brought has caused
the Court of Appeals to state more and more emphatically the rigid
rules by which the evidence offered to sustain such actions is to be
tested. These rules are stated in very clear terms, in the recent cases
of Holt v. Tuite, 188 N. Y. 17, 80 N. E. 364, Middleworth v. Ordway,
191 N. Y. 404, 84 N. E. 291, and Taylor v. Higgs, 202 N. Y. 65, 95
N. E. 30. In brief, the rule is that such a contract as the plaintiff seeks
to establish in this action must be made out by the clearest and most
convincing evidence, and the parol evidence to prove such a contract

should be given or corroborated in all substantial parts by disinterested witnesses.

When tested by these rules, the evidence offered by the plaintiff in this action is found insufficient to sustain a judgment in her favor. To prove the oral contract the plaintiff offered the testimony of her mother and of one of her daughters. Both of these witnesses are deeply interested in the outcome of the case. They both reside with the plaintiff in the house which it is claimed the testator, Albert A. Bellany, agreed to will to the plaintiff. The plaintiff's mother is about 90 years old and almost helpless through old age, and is totally dependent upon the plaintiff for her means of livelihood. Her testimony as to some matters about which there is no dispute, as the date of her daughter Mrs. Albert A. Bellany's death, and the length of time that the witness had resided with Bellany before his wife's death, is at variance with the facts, and her testimony throughout is unsatisfactory. The plaintiff's daughter is also to a great extent dependent upon the plaintiff.

[2] Their interest in the outcome of this action must be considered when weighing their testimony. Scheu v. Blum, 136 App. Div. 592, 121 N. Y. Supp. 122.

As further proof the plaintiff offered the testimony of a cousin as to an alleged statement to him by Bellany, setting forth the full contract asserted by the plaintiff, and the testimony of two disinterested witnesses, fellow employés of the decedent, as to some undisputed facts. One of them, Poulton, also testified that the decedent had told him that the decedent had made an arrangement with the plaintiff and her mother for them to continue to live with the decedent and to keep house for him, and Poulton testifies that the decedent told him nothing further of the terms of such agreement. The testimony of the cousin, like that of the mother and the daughter, does not measure up to the high standard required by the rule aforesaid. All the testimony, taken together, does not justify a finding that the decedent made the contract alleged by the plaintiff. The complaint should therefore be dismissed.

[3] In their answer the defendants set forth matter which they call a defense, but which in fact is a counterclaim, by which they seek to recover judgment for the possession of the house and lot, formerly owned by the decedent, Bellany, and now occupied by the plaintiff, and the delivery of the furniture in the house, and damages for the detention of both. No evidence was introduced to prove the amount of these damages. The plaintiff made no objection to the blending in one counterclaim of a cause of action for ejectment and one of replevin.

Judgment should therefore be given the defendants, dismissing the complaint, and for the possession of the real property by the defendants, and the delivery of the personal property to them; with the costs and disbursements of this action.