In the Matter of the Estate of Jeremiah C. Kiley, Deceased.

Surrogate's Court, Herkimer County, July 6, 1928.

**Executors and administrators — claims against estate — widow entitled to be compensated for money expended in supporting decedent.**

The claimant supported the decedent, her husband, out of her own money, and as a result of her labor, although during that time and at the time of his death he had sufficient funds in the bank out of which to pay for his necessaries, which fact was unknown to the claimant. The claimant is entitled to be reimbursed for the amount so expended for the benefit of the decedent.

Claim against estate of decedent.

*Bronner & Ward*, for the claimant.

*James A. McTiernan*, special guardian.

Bell, S. Anna Kiley, widow, makes a claim for moneys paid by her for necessaries furnished to maintain and support decedent and herself (his wife) amounting to $500.

Jeremiah C. Kiley and claimant were married in 1913. He was then a widower with children. She owned a house and lot where she lived in the city of Little Falls. Right after the marriage he with two or three of his children went to live with claimant in her house. These children remained there for a few years paying for their board while there.

In 1920 decedent became ill, was laid up and did not do any work thereafter, but claimant worked in a knitting mill until 1922, when she became unable to work there any longer. During the two years 1920–1922 the food for them to eat, and coal to keep them warm in winter, were purchased and paid for by her out of her earnings in the knitting mill. She asked him occasionally for money with which to buy groceries; he said he did not have any.

Believing that he did not have any, or very little if any, and he being substantially helpless, she purchased groceries, meat, coal, a little clothing, pair of shoes for him and some tobacco for him, for and during the five years immediately preceding his death on July 14, 1927, at a cost of $500, and was obliged to mortgage her house and lot in order to raise the money. It is evident that they only had the actual necessaries of life — time five years — amount paid $500.

He said he had no money, but upon his death they found he had in the Little Falls National Bank the sum of $1,433.92. He was legally obligated to provide for himself and his wife with the necessaries of life, suitable to their station.

A merchant furnishing such necessaries could have sued him and recovered. His wife could have sued him and recovered in his lifetime, but not having done that she has now a valid claim against his estate for the $500 paid by her for such necessaries. (*DeBrauwere* v. *DeBrauwere*, 203 N. Y. 460.)

Her assumption of the obligation resting upon him not only to support himself, but to support her, could not and did not create a presumption that the necessaries so furnished were intended to be gratuitous and they were not gratuitous. (*Matter of Hamilton*, 70 App. Div. 73, 76.)

Claim allowed at $500.

Decree will be signed accordingly.