In the Matter of the Judicial Settlement of the Account of Proceedings of MECHANICS AND FARMERS' BANK OF ALBANY, as Executor, etc., of LAURA CROCKER HUGHES, Deceased, Respondent. LILLIAN TOWNSEND LYMAN CAMPBELL, Appellant.

Third Department, May 23, 1930.

*J. Sheldon Frost* [*Thomas Francis Woods* of counsel], for the appellant.

*A. Page Smith*, for the respondent.

HASBROUCK, J.   This is an appeal from a decree of the surrogate of Albany county disallowing the claim of Lillian T. L. Campbell, for moneys laid out and expended for nursing, board and lodging furnished by her to Laura Crocker Hughes and John R. Hughes, her husband, between November 1, 1910, and October 25, 1925.

John R. Hughes died in 1920 and Laura Crocker Hughes in May, 1926.

Mrs. Campbell has presented a bill of $11,365.52; the executor rejected it and upon a trial before the surrogate he disallowed the claim.

The objections to the claim are that no express agreement was proven and no implied agreement can be found under the facts and circumstances disclosed by the evidence.

The appellant does not contend that there was an express agreement between the parties. Section 347 of the Civil Practice Act forbids evidence of personal transactions with a deceased person by an interested party and the claimant was not asked to testify to any oral agreement.

The appellant, however, contends that she has proved facts and circumstances from which an agreement to pay should be implied. In the main that evidence consists in the furnishing of board and lodging of Mr. and Mrs. Hughes and the nursing of Mrs. Hughes; statements by Mrs. Hughes that Mrs. Campbell would be compensated; the payment of $500 to Mrs. Campbell's husband, George G. Campbell, who swore that he had no personal claim and that the transactions with the Hugheses were with Mrs. Campbell. There certainly was no sentiment in the purchase of the Crocker farm at Rensselaerville by Mrs. Campbell of Mrs. Hughes. The resistance made by the executor to the claim is based upon the fact that Mrs. Campbell presented no bill to Mrs. Hughes in her lifetime and that Mrs. Hughes and Mrs. Campbell were cousins and of one family.

They were distant cousins but the families to which they belonged were distinct social entities. The defense rests entirely upon the fact that no bill was presented prior to Mrs. Hughes' death. But that fact in and by itself is not controlling.

The question is one of the intention of the parties. Ordinarily where services " beneficent in their nature " are rendered or materials useful in their nature furnished and they have been accepted the law will imply a contract to pay their reasonable value. (*Moore* v. *Moore*, 3 Abb. Ct. App. Dec. 312.)

The intention to pay under such circumstances is found as part of the agreement to pay. (*Williams* v. *Hutchinson*, 3 N. Y. 312; *Gall* v. *Gall*, 27 App. Div. 173; *Robinson* v. *Raynor*, 28 N. Y. 494; *Reynolds* v. *Robinson*, 64 id. 589; *Robinson* v. *Munn*, 238 id. 40; *Ulrich* v. *Ulrich*, 136 id. 120; *Matter of Sherman*, 227 id. 350; *McKeon* v. *Van Slyck*, 223 id. 392.)

There are, however, circumstances by which the above rule of law may be put in question and rendered inapplicable. In other

words, there are exceptions to the general rule. Such exceptions are pointed out by the writers of text books and are to the effect that contracts are illegal or void when violative of the Constitution or statutes or of good morals or public policy. A further exception to the above rule of law arises in the case of gifts. Where the services rendered were by one member of a family to another member living together as such and where there was no expectation of payment by either the renderer *or* the recipient, a gift is indicated and presumed. (*Moore* v. *Moore, supra; Matter of Hamilton,* 70 App. Div. 73; affd., 172 N. Y. 652.)

This rule of exception has been further restricted so that in order that the contract may be implied between members of the same household both the renderer *and* the recipient of service must have expected the reasonable value thereof to be charged and paid for. It is not sufficient that one of the parties may have expected compensation. (*Robinson* v. *Munn,* 238 N. Y. 40.)

In the leading case of *Robinson* v. *Raynor* (*supra*) Judge SELDEN said: " It is evident that the care and attention bestowed upon her by the appellant were such as, except toward kindred, no one would undertake to bestow without large reward."

It is difficult to understand how the testatrix, worth $70,000, could have accepted so much from claimant and not have told her that she would pay her.

There can be no doubt that Mrs. Hughes expected to pay. If the testimony of Campbell be true there is most persuasive evidence that claimant had been paid on account and expected to be paid in full.

There is not sufficient testimony before this court for it to make findings and render judgment in the case.

To make clear the times during which nursing was furnished and the value thereof at the place furnished, whether the Statute of Limitations has run against board and lodging furnished at Plainfield, N. J., and in part against the claim for board and lodging at Baltimore, and the amount and value of board where furnished, we think the matter should be remitted to the Surrogate's Court to determine.

The decree should be reversed on the law and facts and a new trial granted, with costs of this appeal herein payable to both parties out of the estate.

HINMAN, Acting P. J., DAVIS, WHITMYER and HILL, JJ., concur.

Decree reversed on the law and the facts and a new trial granted, with costs to both parties payable out of the estate.