BRONISLAWA LAKA, as Administratrix, etc., of FREK LAKA, Sometimes Known as FRANCISZEK MAJ, Deceased, Appellant, *v.* JAN KRZYSTEK, Respondent.*

Fourth Department, March 21, 1932.

* Revg. 136 Misc. 745.

*Angelo F. Scalzo* [*Thurman W. Stoner* of counsel], for the appellant.

*Lee & Greenwald* [*Clarence W. Greenwald* of counsel], for the respondent.

TAYLOR, J.   We are of the opinion that the witness Julia Krzystek, wife of defendant, was " a person interested in the event " of the action.   (Civ. Prac. Act, § 347.)   We do not reach this result for the reason that a successful action might later be prosecuted by the husband against the wife for contribution merely because the proceeds of the $500 promissory note, the obligation of defendant alone, were used to pay for lands of which defendant and his wife were tenants by the entirety.   The wife testified that she was ready to sign the note, too, when her husband signed it; that the money was loaned to both her and her husband; that they both asked for the money; that it was put in her hands because she always handled the money; and that the money was paid for lots in the name of her husband and herself.   Her interest was, therefore, not so " ' uncertain, remote or contingent ' " (*Franklin* v. *Kidd*, 219 N. Y. 409, 411) as to make her a competent witness. While neither gain nor loss could come to her from direct operation of a judgment against her husband here — she not being obligated on the note nor a party to the action — the judgment could be used in evidence against her in a later action against her by her husband because it would tend to prove through her testimony the fact that the loan was made directly to both her and her husband and became part of a common fund.   (*Scheu* v. *Blum*, 136 App. Div. 592.)

Therefore, the wife was interested, not only in the question (*Croker* v. *N. Y. Trust Co.*, 245 N. Y. 17), but in the event, and was testifying " in her own behalf."

Since the defense of payment was not established without the testimony of the wife, the judgment of the County Court appealed

from should be reversed on the law and the judgment of the City Court of the city of Niagara Falls reinstated, with costs in this court and in County Court to the appellant.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Judgment of Niagara County Court reversed on the law and judgment of Niagara Falls City Court affirmed, with costs in this court and in the County Court to the appellant.