In the Matter of the Estate of CLARENCE KLEINMAN, Deceased.

Surrogate's Court, New York County, March 2, 1933.

748

*Barnett & Plaut* [*Roy Plaut* of counsel], for the petitioner.

*Ira H. Holley*, special guardian.

DELEHANTY, S. On the hearing of the personal claim of the administratrix its amount was reduced by the sum of $2,400 and the claim now stands in the sum of $4,342.65. The items making up this total represent disbursements made by the administratrix between the months of May and December, 1930, and relate entirely to payments made to physicians, hospitals and nurses and for medicines during the period covered by the disbursements. Deceased was ill and required all of the expenditures listed. The expenditures concededly were made from an account in a commercial bank standing in the name of the administratrix only. She is the wife of the deceased. The funds in the account in question had their source in monthly payments of $900 out of the funds of the husband. When placed in this account, the funds had been regularly used to discharge the expenses of the household maintained by deceased for himself, his wife and child. Counsel for the administratrix claims that the funds in this account were the private property of the wife and that any expenditure therefrom for account of the husband gave rise to a corresponding obligation on the part of the husband to reimburse his wife. Counsel argues that since the primary obligation to pay his own costs for medical care was upon the husband, there arose in favor of his wife a claim against the estate of deceased in an amount corresponding to the payments made for medical treatment for the husband. At the beginning of May, 1930, the balance in this account of the wife was less than $1,000. In each of the months beginning in May and ending in December, the sum of $900 was transferred to the account either by direct act of the husband or by transmittal of such monthly sum by the corporation of which the husband was an executive.

It was conceded upon the hearing that so much of the expenditure over the period of eight months as was made for the household and living expenses did not furnish basis for any claim against the estate for the reason that it was conceded that the account was established with at least the obligation upon the part of the wife

to pay therefrom ordinary household expenses. The point is made by counsel for the claimant that the transaction constituted a gift to the wife of all surplus moneys not needed for ordinary household expenses and hence that any sums expended therefrom for other than ordinary household expenses must be deemed to be an expenditure of the moneys of the wife. Counsel's position excludes the disbursements for the medical treatment of the husband from the category of ordinary household expenses. Counsel urges in support of his position that the complete freedom of contract between husband and wife now authorized under the Domestic Relations Law requires the allowance of the claim as presented. It is not necessary to determine whether the medical expenses of deceased are to be deemed household expenses within the meaning of the arrangement asserted by counsel to have been made between husband and wife. Neither is it necessary to determine whether in truth the moneys in this account were the moneys of the wife. Even if it be conceded that the distinction between medical expenses and other family disbursements is sound, and even if it be conceded that the surplus in the account over what is described as household expenses became the private property of the wife, there still remains for decision the question whether the disbursements made gave rise to an expectation for reimbursement on the one part and an obligation to repay on the other. No claim is made that a specific request was addressed to claimant by her husband that she pay these sums out of her private funds. No proof is offered of any recognition by the deceased husband of financial obligation arising by reason of the payments. The claim is predicated solely upon the theory of legal responsibility for reimbursement arising out of the fact of payment alone.

It is incredible that the deceased assented to the handling of funds (which were undoubtedly his at least until deposited in the account) so that their expenditure for his benefit created a new debt equal to the amount so expended. He was the source of the funds. He could have directed his office to make the payments directly to the physicians and the hospitals. If the same funds had been handed to the wife with express instructions to pay the medical expenses there can be no doubt that no claim for reimbursement would arise in favor of the wife even if she had deposited the funds in her account and then checked them out. It is not sufficient here that the wife expected reimbursement, if in truth she did expect it. Even if the funds were derived from the separate property of the wife, the circumstances here give rise to the presumption of a gift by her. (*Matter of Hughes*, 229 App. Div. 614,

at p. 616.) So, too, unless there is clear proof that the recipient expected to pay there is no liability. (*Robinson* v. *Munn*, 238 N. Y. 40.) That there were paid by the wife charges which were the obligations of the husband gives rise to no claim in the circumstances here disclosed. (*Hendricks* v. *Isaacs*, 117 N. Y. 411, at p. 418; *Matter of Hamilton*, 70 App. Div. 73, at p. 76.) The claim of the administratrix is wholly disallowed. Submit decree settling the account accordingly.