In the Matter of the Accounting of ANNA G. LEWIS et al., as Administrators of the Estate of GEORGE W. MANCHESTER, Deceased, Appellants. JOHN MANCHESTER, Respondent.

Third Department, January 9, 1952.

Leon M. Layden for appellants.

Warren Sears and Francis A. St. Clair for respondent.

Coon, J. Claimant presented this claim for the board and lodging furnished decedent's wife from October 23, 1945, to February 12, 1948. The claim was rejected by the administrators and later came to trial before the Surrogate who allowed the claim in the sum of $962.70, with interest from February 12, 1948, and costs. The record discloses sufficent evidence to sustain the findings of the Surrogate, including sufficient evidence to establish a prima facie case of nonpayment. Appellants seek a reversal because of several alleged errors at the trial.

Carrie Manchester, claimant's wife, was allowed to testify, over objection, as to the board and lodging furnished and decedent's promise to pay therefor. Appellants contend that she was disqualified under section 347 of the Civil Practice Act. The question is whether she was " a person interested in the event ". It appears that she has presented a claim against the estate for nursing care of decedent's wife. It is conceded that one claimant is ordinarily competent to testify for another. It is likewise conceded that a wife is competent to testify in support of her husband's claim. Appellants, however, contend that here the claims are so similar and the unity of interest of claimant and his wife in all income is such that she is " interested in the event."

Appellants rely principally on the case of Scheu v. Blum (136 App. Div. 592). It is doubtful if that case would be decided the same way today because the courts have shown increasing liberality in construing section 347. In any event, in that case the wife had a separate income which she " pooled " with that of her husband. Here, at the time the claim arose, claimant was the sole owner of the farm and the wife had no separate income. The mere fact funds were made available to her to pay household expenses without a specific request in each instance does not make her a joint owner thereof. To hold otherwise would, in effect, disqualify nearly every wife from testifying. The claim for board is the exclusive property of the husband. (Stamp v. Franklin, 144 N. Y. 607.)

" Person interested in the event," as used in section 347, has a technical, limited meaning. It does not mean a casual, indirect or contingent interest. " Gain or loss must result to him from

the judgment in its direct or immediate operation ". (*Franklin v. Kidd,* 219 N. Y. 409, 411–412.) We do not think that it was error to receive the testimony of Carrie Manchester.

Appellants assert that it was improper to allow interest on the claim from the date of death of decedent's wife. Even if this be considered an unliquidated claim, the due date is fixed and the amount reasonably ascertainable as of that date. The allowance of interest was proper. (*Faber* v. *City of New York,* 222 N. Y. 255.)

The Surrogate had ample authority under section 278 of the Surrogate's Court Act to allow costs in his discretion. Section 1499 of the Civil Practice Act has no application to a judicial settlement proceeding in Surrogate's Court.

We deem it unnecessary to discuss the other alleged errors in the reception or rejection of evidence. The substantial rulings were correct. If error is present, it is not substantial and is nonprejudicial, especially when the trial was conducted before the Surrogate without a jury. Section 294 of the Surrogate's Court Act provides, in part: " But a decree or order shall not be reversed for an error in admitting or rejecting evidence, unless it appears to the appellate court that the appellant was necessarily prejudiced thereby." It does not so appear.

The decree should be affirmed, with costs to respondent, payable from the estate.

FOSTER, P. J., HEFFERNAN, BREWSTER and BERGAN, JJ., concur.

Decree affirmed, with costs to respondent, payable from the estate.