Joseph W. Cribb, S.
This is a disputed claim for services by the claimant rendered to the deceased during the time deceased occupied a small apartment in claimant’s home. While no petition for a judicial settlement or account in connection therewith has yet been filed, the respective attorneys stipulated that this matter be considered as part of such a proceeding and that the matter be heard and determined by me without a jury. No briefs were submitted in the matter.
Several witnesses testified on behalf of the claimant, one of them being claimant’s husband. Their testimony was to the general effect that claimant rendered services to the deceased in the form of doing laundry, helping deceased dress and undress, transporting her by automobile to various places, bath *430 ing her, giving her medicine, helping her to the bathroom on occasion and preparing meals. Witnesses for the estate generally denied seeing the claimant render services to the deceased and testified that the deceased was able to walk and get about without aid.
It appears that deceased resided with a friend of hers, one Amy Cooper, from about February 6, 1951, until July 13, 1951, whereupon she moved to the home of another friend named Myrtle Kinney or Kenney where she remained until November 18, 1951, at which time she returned to Amy Cooper’s residence and remained there until on or about January 11, 1952, at which time she rented a small apartment in the home of Mary M. Sawyer, the claimant herein. The deceased paid $10 a week rent to the claimant for said apartment. Sometime in May, 1952, deceased suffered a slight stroke, was taken to the hospital and remained away for a few weeks; there were other occasions when deceased was away for periods of from one to four weeks.
As originally filed, the claim covered a period of 55 weeks from January 11, 1952, until on or about July 4, 1953, at the rate of $40 per week, the 16 weeks during which the deceased was away, of course, having been taken into account. At the trial claimant moved to amend the claim so that it would cover a period of 49 weeks from January 11, 1952, to May 1, 1953. It appears that on May 4,1953, deceased suffered another shock, and that thereafter she continued to pay claimant the $10 a week rent plus $40 a week for additional services rendered.
Claimant’s husband testified as follows to a conversation held approximately two weeks after deceased moved to claimant’s apartment— “ Q. Will you tell the Court what the conversation was, please? A. She asked my wife if she would take care of her; said nobody else would take care of her. Q. Anything else said? A. And she said when she passed away to put in a bill. ’ ’ Other witnesses testified that they heard deceased state to claimant ‘ ‘ I want you to put in your bill ” * * * “I don’t know what I would do without you” * * * “ You are so good to me. Mary, you want to make sure to put in a bill when I pass away”.
At the close of the claimant’s proof the attorney for the estate moved to dismiss the claim on the ground that there is absolutely no proof of a promise on the part of deceased to make payment of any kind and on the further ground that there is no proof of any kind whatsoever of the reasonable value of the alleged services. This motion was renewed at the determination of the trial and is hereby denied.
*431 It is not necessary to prove any express contract in order to recover in cases of this kind. Even though deceased in this case apparently contemplated payment to be made after her death, this is not a case of a promise to bequeath property or make a testamentary provision, the type of which now requires some note or memorandum thereof in order to overcome subdivision 7 of section 31 of the Personal Property Law. The rendition of services to another raises a presumption that he will pay the fair and reasonable value thereof. (Matter of Mason, 134 Misc. 902; McKeon v. Van Slyck, 223 N. Y. 392; Matter of Hughes, 229 App. Div. 614; Matter of Taylor, 206 Misc. 69.)
As stated by Surrogate Wingate in Matter of Mason (supra, p. 906) “ whenever beneficent services have been rendered and accepted the law presumes that the person benefited is liable to pay therefor. This presumption is not conclusive, but is sufficient to throw upon the person contesting such liability the burden of going forward and showing either that the parties agreed that the services were to be gratuitous or that the circumstances surrounding the transaction were such that no reasonable person would expect payment. This rule is equally applicable whether one or both of the parties are alive or dead * * * In all such cases the recovery is based upon the reasonable value of the services rendered ”.
In the instant case only two witnesses testified as to the value of the type of services rendered this decedent, one saying that wages paid to domestics in the City of Fulton (where claimant and decedent resided) ran around $40 to $45 a week for a 40-hour week and the other stating that the prevailing wage for caring for an invalid person was around $30 to $35 a week for an eight-hour day.
There is no presumption that the services were rendered for love and affection as there was no relationship between claimant and deceased other than that of landlord and tenant. It is immaterial that claimant never demanded additional compensation from the deceased during the period covered by her claim. (Matter of Taylor, 206 Misc. 69, 71.) Recovery on quantum meruit is permissible in this case and ‘ there is no rule of law that the claimant’s contract must be in writing, or even that it must he made out in all substantial particulars by disinterested witnesses ”. (McKeon v. Van Slyck, 223 N. Y. 392, 398, supra.) Plaintiff need establish his claim only by a fair preponderance of the evidence. He need do no more than this even if Ms claim deals with a dead person. (Matter of Mason, supra; Ward v. New York Life Ins. Co., 225 N. Y. 314.)
*432 The fact that claimant, during the period covered by her claim, received $10 a week rent does not prevent a legally implied contract to pay for the respective services rendered by her aside from the mere furnishing of the apartment. (Matter of Taylor, 205 Misc. 872, 876.)
Although the case of the claimant herein is not a strong one, the testimony as to decedent’s statements together with that as to various services rendered deceased by claimant support the claim of implied contract. Since claimant was paid $40 a week for additional services from the time of the second stroke until she left claimant’s home, I do not feel constrained to allow that amount during the prior time when deceased was undoubtedly more able to help herself and required less constant attention. The court is not required to allow the exact amount asked for in a claim. (Matter of McGrath, 71 N. Y. S. 2d 853; Matter of Taylor, 206 Misc. 69, 72.) Accordingly the claim is allowed at the rate of $15 per week for 49 weeks amounting to the sum of $735, plus interest thereon from June 10, 1956, the date of decedent’s death, in the sum of $124.10, amounting in total to the sum of $859.10,
Submit decree accordingly.