■    In the Matter of the Accounting of FRANK P. CONNORS, as Administrator of the Estate of ELLA M. HANLEY, Deceased, Respondent. M. J. McALLISTER, Appellant.— Appeal from an order of the Surrogate's Court, Clinton County, dismissing appellant's claim against the estate of Ella M. Hanley. The major portion of appellant's claim against the estate is for materials furnished in 1943 in building a barn and in installing water in the barn and the farmhouse on the Hanley property. The balance of the claim consists of out-of-pocket disbursements by the claimant for expenses allegedly paid by him in connection with telegrams sent at the time of a death in the Hanley family and for digging graves for burials of members of the family. There appears to be no question that appellant expended the sums or performed the services for which he seeks reimbursement. However, this alone, of course, is not enough. Such proof

raises only an inference of an implied contract to pay the reasonable value thereof. Rebutting the presumption here is the close relationship which appears to have developed between the parties over their years of friendship (see *Matter of Mulderig,* 196 Misc. 915). Further, while not controlling in and of itself (*Matter of Hughes,* 229 App. Div. 614, appeal dismissed 254 N. Y. 597), failure to demand payment until years have passed after expenditure of the sums claimed and rendition of the services for which payment is sought and until death has rendered contradiction by the decedent impossible, is evidence negating the existence of an implied contract (*Matter of Harvey,* 15 A D 2d 834; *Matter of Zimmer,* 77 N. Y. S. 2d 872, affd. 274 App. Div. 1024, appeal dismissed 299 N. Y. 677; *Matter of Long,* 144 Misc. 181). At the time the alleged agreement was made and the barn completed in 1943 four members of the Hanley family were living. There is no record, however, that a claim was made against any member of the family or his or her estate until after the last of the four members of the Hanley family who were allegedly parties to the agreement had died in April of 1949. The result in this case, as in most cases of this type, hinges also to a great extent on the credibility attached to the testimony of the various witnesses. The acting Surrogate who actually heard the testimony is, of course, better able to make this evaluation than we are here (*Boyd* v. *Boyd,* 252 N. Y. 422). Viewing all of the evidence in the present record, the court below was justified in not allowing the respondent's claim. Section 347 of the Civil Practice Act was not invoked by respondent. Order unanimously affirmed, without costs. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.